## BRINEY et al. v. MORTIMER et al.

### No. 8317.

Circuit Court of Appeals, Ninth Circuit.

Nov. 15, 1937.

Lavelle & MacKinnon and Walter H. Odemar, all of Los Angeles, Cal., for appellant.

Musick & Burrell, Howard Burrell, and George Martinson, all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

This controversy arises out of an action brought by the Metropolitan Trust Company of California, a California corporation, as trustee, herein generally designated as trust company, against the National Thrift Corporation of America, a Delaware corporation, herein generally designated as thrift corporation.

Thrift corporation was in the business of selling "Thrift Certificates," which were in form and in fact contracts whereby the purchaser agreed to pay thrift corporation a certain stated sum of money within a stated period of time through a series of installment payments. When the stipulated sum had been paid, purchaser or "Certificate Holder" would be issued a "Gold Bond," or at his option an annuity policy.

Thrift corporation entered into a trust agreement with trust company whereby securities owned by thrift corporation were to be deposited with trust company for the benefit of contract holders, embracing thrift certificate holders, gold bond holders, etc. The trusts with which we are concerned were designated "Trust P. T. 109" and "Trust P. T. 223."

Thrift corporation could not meet its financial obligations and trust company brought its action for itself and others, al-

leging in effect that the securities held by it were not sufficient to meet the demands upon them, and that thrift corporation was insolvent and should be handled by a receivership. To this, thrift corporation filed a written consent and a receiver was appointed. It is taken by all parties that thrift corporation is definitely out of business.

Thereafter the receiver's powers were augmented and he was appointed receiver of "Trust P. T. 109" and "Trust P. T. 223." In due time and pursuant to the court's order the receiver gave formal notice that those having any interest in said trusts should file their claims. Appellants Briney, Spreng, Harwick, and Rude, thrift certificate holders under contracts entered into at Los Angeles, Cal., filed their claims upon the basis of the full amounts each had paid in, but each was delinquent in his payments. Under instruction of the court the claims as presented were disallowed, but Briney and Harwick were allowed the lesser sums of $286.02 and $77.64, respectively, being the cancellation values of their certificates as of the date of the receivership, while Spreng and Rude were allowed nothing because the amounts they had paid in were not sufficient under the terms of the certificate to have established cancellation values.

Each appellant continues to claim the full sum he paid in as the apportionment basis for enjoyment of the trust fund, and such claims present the ultimate factual issue on this appeal.

Thrift corporation contracts contained the following provisions:

"5. *Value on Cancellation.* Subject to the provisions of paragraph 8 hereof, said Corporation shall and will pay to said registered holder, upon his or her surrender to it of this contract for cancellation, a sum of money equal to the then 'cancellation value' hereof, which value is hereby fixed and declared to be the then aggregate amount of all payments made hereunder by said registered holder, together with an adjustment allowance equivalent to interest thereon at the rate of five and one-half ($5\frac{1}{2}$) percent, per annum, less deduction therefrom of five and seven-eighths ($5\frac{7}{8}$) percent of the computed value of this contract at its maturity date."

"8. *Default by Registered Holder.* In case default shall be made by said registered holder in the payment of any instalment or instalments hereunder, said registered holder shall have the right for and during the period of two (2) years from and after the date of such default to remedy and cure the same * * * if said registered holder shall fail within said period of two (2) years to exercise said right and make such payment, then said Corporation may demand of said registered holder the surrender to it of this contract for cancellation, and such surrender to it of this contract for cancellation, and such surrender and cancellation having been made in accordance with such demand, said Corporation shall and will pay to said registered holder a sum equal to the cancellation value hereof, so fixed as aforesaid. * * *"

"11. *Right to redeem contract.* The right is reserved to said Corporation to call in, cancel and redeem this contract at any time before maturity, at its option, by payment to the registered holder hereof of all moneys theretofore received by said Corporation on account of this contract, and in addition thereto a bonus for the exercise of such right of redemption equivalent to interest on said moneys from the date or dates of the receipt thereof by said Corporation to the date of such cancellation and redemption at the rate of six (6) percent per annum. * * *"

It will be observed that the rights of the parties under the court's order were calculated upon the premise that their contracts were in default. Hence, their rights as of date of the corporation receivership were to be measured by their cancellation value as provided in section 5 of the contract. But by the opening statement of said paragraph (5), "Subject to the provisions of paragraph 8 hereof * * *," the cancellation value cannot be forced upon the thrift holder until he is in default of a payment for the period of two years (see, paragraph 8), within which time he retains the right to relieve himself of delinquency by paying. The court order deprived him of this right.

The failure of the thrift corporation to continue as a going concern violates the contractual rights of the thrift holders. That which they had paid their money for cannot be delivered. The return of the money received with legal interest, as upon rescission after a breach that went to the whole consideration, is thereupon required. Oscar Barnett Foundry Co. v. Crowe (C.C.A.3, 1902) 219 F. 450, 455; 3 Elliott on Contracts, § 2049.

If the assets of trust company are not sufficient to repay the full sums invested with legal interest, the thrift certificate holders are entitled to indulge therein upon an equal pro rata basis with the others who have beneficial interests in the trusts mentioned.

The order is reversed.